IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

    Plaintiff,

v.

                                                                       Case No. 13-10149-01-JTM

JEREMY L. LANDON,

    Defendant.

**MEMORANDUM AND ORDER**

This matter is before the court on defendant Jeremy Landon's pro se motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2) (Dkt. 48). Defendant seeks to reduce his sentence based on Amendment 782 to the United States Sentencing Guidelines, which took effect on November 1, 2014, and lowers the base offense levels in the Drug Quantity Table, U.S.S.G. § 2D1.1. Defendant acknowledges that the court previously denied a similar motion on December 10, 2015 (Dkt. 47), but cites the United States Supreme Court's recent ruling in *Hughes v. United States*, 138 S. Ct. 1765 (2018), to support his argument that the court has jurisdiction to reduce a sentence imposed pursuant to a Rule 11(c)(1)(C) plea. For the reasons stated below, defendant's motion is dismissed.

**I. Defendant's Plea Agreement**

In the plea agreement, the parties proposed, "as an appropriate disposition of the case, a total sentence of 11 years (132 months in prison), reflecting on Count 3 in 13-10149-01-JTM, and on Count 2 in 14-10038-01-JTM, under 21, U.S.C. § 841(a); 5 years of

1

supervised release; no fine; and the mandatory special assessment of $200 to be paid during the defendant's incarceration." (Dkt. 37, at 4). The parties acknowledged that the proposed sentence did not offend the advisory sentencing guidelines; however, the parties stated that their proposed sentence was pursuant to Rule 11(c)(1)(C), and they were not requesting imposition of an advisory guidelines sentence.

## II.  Legal Standards and Application

"Under 18 U.S.C. § 3582(c)(2), a defendant is eligible for a sentence reduction if he was initially sentenced 'based on a sentencing range' that was later lowered by the United States Sentencing Commission." *Koons v. United States*, 138 S. Ct. 1783, 1786–87 (2018). In *Hughes*, the Supreme Court considered "whether a defendant may seek relief under § 3582(c)(2) if he entered a plea agreement specifying a particular sentence under Federal Rule of Criminal Procedure 11(c)(1)(C)." 138 S. Ct. at 1773. The Court noted the disparity in sentences among the Circuits that resulted from *Freeman v. United States*, 564 U.S. 522, 538–39 (2011), including those Circuits that followed the *Freeman* concurrence. *Hughes*, 138 S. Ct. at 1774–75 ("Yet in the aftermath of *Freeman*, a defendant's eligibility for a reduced sentence under § 3582(c)(2) turns on the Circuit in which the case arises."). To resolve this problem, the Supreme Court held that "a sentence imposed pursuant to a Type–C agreement is 'based on' the defendant's Guidelines range so long as that range was part of the framework the district court relied on in imposing the sentence or accepting the agreement." *Id.* at 1775. The Court went on to recognize a general rule that Rule 11(c)(1)(C) or "Type-C" agreements will typically be "based on" a defendant's guidelines range. *Id.* at 1775–76. "In federal sentencing the Guidelines are a district

2

court's starting point, so when the Commission lowers a defendant's Guidelines range the defendant will be eligible for relief under § 3582(c)(2) absent clear demonstration, based on the record as a whole, that the court would have imposed the same sentence regardless of the Guidelines." *Id.* at 1776.

Here, the court has reviewed defendant's plea agreement and sentencing transcript and determines that defendant is not eligible for the two-level reduction. At sentencing, the court noted that defendant's total offense level was a 36 and his criminal history was II, which resulted in a guidelines range of 210 to 262 months. The government also noted that had defendant gotten the two-level reduction that the DOJ was now recommending, his new guidelines range would have been 168 to 210 months. Thus, the total 132-month sentence defendant received remains lower than the amended guidelines range. Furthermore, defendant received the mandatory minimum (120 months) on Count 3, and a combined 12-month sentence for Count 2 in 14-10038-01, which was required to run consecutively pursuant to 18 U.S.C. § 3147 and U.S.S.G. § 3C1.3. The court, therefore, is without jurisdiction to consider defendant's § 3582(c)(2) motion.

IT IS THEREFORE ORDERED this 28th day of June, 2018, that defendant Jeremy Landon's pro se motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2) (Dkt. 48) is dismissed for lack of jurisdiction.

        s/ J. Thomas Marten
        J. THOMAS MARTEN, JUDGE