IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,
         Plaintiff.

v.                                        Case Nos.    13-10149-1-JTM
                                                              14-10038-1-JTM

JEREMY L. LANDON,
         Defendant.

**CONSOLIDATED MEMORANDUM AND ORDER**

This matter is before the court on defendant Jeremy Landon's *pro se* motions (Dkt. 13-10149 Dkt. 51; Dkt. 14-10038 Dkt. 79) requesting compassionate release or appointment of counsel under 18 U.S.C. § 3582(c) or the Coronavirus Aid, Relief, and Economic Security (CARES) Act. Landon has filed an identical motion for relief in each pending case before the court, and the United States has filed a consolidated response (Dkt. 13-10149 Dkt. 52; Dkt. 14-10038 Dkt. 80) opposing the motions. This Memorandum and Order addresses both pending motions.

On April 14, 2010, Landon entered into a Plea Agreement (13-10149 Dkt. 37) and Petition to Enter Plea of Guilty and Order Entering Plea (13-10149 Dkt. 36) governing both pending cases. Landon pled guilty to count 3 of case number 13-10149 and count 2 of case number 14-10038, both of which charged possession of methamphetamine with the intent to distribute in violation of 21 U.S.C. § 841(a). Pursuant to the Fed. R. Crim. P. 11(c)(1)(C) Plea Agreement, the parties proposed a sentence of 132 months in prison followed by five years of supervised release.

Landon was sentenced pursuant to the plea in case number 13-10149 on June 30, 2014 to a term of 120 months in prison followed by five years of supervised release, and in case number 14-10038 to a term of 12 months imprisonment to run consecutive to the 120 months imposed in case number 13-10149. (13-10149 Dkt. 44; 14-10038 Dkt. 36). Landon previously filed a motion to reduce his sentence under 18 U.S.C. § 3582(c)(2), which the court dismissed for lack of jurisdiction. (13-10149 Dkt. 50; 14-10038 Dkt. 78). Landon now asks the court for appointment of counsel to assist with a compassionate release motion or for relief under the CARES Act. The court declines to appoint counsel in this instance, and is without jurisdiction to grant the remainder of relief Landon has requested.

The court construes Landon's request for "compassionate release" as a motion for sentence reduction under 18 U.S.C. § 3582(c)(1)(A). The "compassionate release" provision of section 3582(c)(1)(A) permits the court to reduce a defendant's term of imprisonment for "extraordinary and compelling reasons," so long as the defendant meets certain prerequisites and the court considers the sentencing factors set forth in 18 U.S.C. § 3553(a). *See United States v. Britton*, 2020 WL 2404969 at *3 (D. N.H. May 12, 2020) (citations omitted). The Tenth Circuit interprets the limits on a court's authority established by § 3582(c) to be jurisdictional. *See United States v. Spaulding,* 802 F.3d 1110, 1112, 1122 (10th Cir. 2015) (finding that "courts have jurisdiction to alter … criminal judgments only to the extent expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure" and that "the relevant provisions of § 3582(c) operate as a

clear and mandatory restriction on a court's authority.") (internal quotation marks and citations omitted).

Section 3582(c)(1)(A) allows a prisoner to file a motion with the district court requesting compassionate relief on his own behalf, but requires that the defendant first exhaust all administrative remedies to appeal the Bureau of Prison's failure to bring a compassionate release motion on his behalf, or that the defendant wait until after expiration of 30 days from the warden's receipt of such a request. *See* 18 U.S.C. § 3582(c); *United States v. Britton*, 2020 WL 2404969 at *3 (D. N.H. May 12, 2020) (discussing the two alternative avenues for exhaustion under § 3582(c) and characterizing the expiration of 30 days to be an "exception" to the traditional administrative appeal process). A defendant's failure to satisfy this prerequisite precludes the court from granting relief under section 3582(c). *United States v. Nash*, No. 19-40022-1-DDC, 2020 WL 1974305 at *2 (D. Kan. Apr. 24, 2020) ("[u]nless the defendant meets this exhaustion requirement, the court lacks jurisdiction to modify the sentence or grant relief") (quoting *United States v. Johnson*, 766 F. App'x 648, 650 (10th Cir. 2019)). *See also United States v. Boyles*, No. 18-20092-JAR, 2020 WL 1819887 (D. Kan. Apr. 10, 2020); *United States v. Brown*, No. 12-20066-37-KHV, 2020 WL 1935053 (D. Kan. Apr. 22, 2020); *United States v. Moore*, No. 15-10132-01-EFM, 2020 WL 2061429 (D. Kan. Apr. 29, 2020).

"[S]ound policy reasons support the requirement that defendant must first present to the BOP her request for a reduced sentence." *United States v. Read-Forbes*, CR 12-200999-01-KHV, 2020 WL 1888856 at *4 (D. Kan. Apr. 16, 2020) (noting that the BOP is in a better position to determine an inmate's medical needs, the specific risks of Covid-19 at the

facility in question, the adequacy of a release plan, the danger to the community upon defendant's release, and to coordinate home confinement where appropriate). Landon's motion does not indicate that he has pursued any sort of administrative remedy with the warden of his facility or other Bureau of Prisons authority. Because he has not satisfied this prerequisite requirement of section 3582(c)(1)(A), the court is without jurisdiction to grant a sentence reduction, home confinement, or other remedy under that statute. *See id.* at \*5.

Landon next requests relief under the CARES Act, which expanded the BOP's existing discretion regarding home confinement by lengthening the maximum amount of time the Director is authorized to place an inmate in home confinement prior to release. *See Nash*, 2020 WL 1974305 at \*1 (citing CARES Act, Pub. L. No. 116-136, § 12003(b)(2), 134 Stat. 281, 516 (2020)); *see also Furando v. Ortiz*, 2020 WL 1922357 at \*2-3 (D. N.J. April 21, 2020) (detailing home confinement procedures established by the Attorney General and BOP under the CARES Act). Only the Bureau of Prisons (BOP), however, has the authority to order home confinement under the CARES Act. *See Nash*, 2020 WL 1974305, at \*3 ("the CARES Act authorizes the BOP – not courts – to expand the use of home confinement"); *Boyles*, 2020 WL 1819887 at \*2 n.10 (explaining the difference between the CARES Act grant of authority to the BOP to lengthen the duration of home confinement and the court's jurisdiction to reduce a sentence under 18 U.S.C. § 3582(c)). Even with his identified medical conditions, his proposed home confinement plan, and his record of good conduct within BOP system, the court has no authority to require the BOP to place Landon on home confinement.

Finally, Landon briefly asks for counsel in conjunction with his compassionate relief motion. The court finds appointment of counsel unnecessary. Landon has ably, if not successfully, presented his claims to the court. Appointment of counsel would not alter the fact that the court is without jurisdiction to grant the relief Landon has requested.

For the reasons set forth above, Landon's request for compassionate release under 18 U.S.C. § 3582(c)(1)(A) is DENIED without prejudice to his ability to re-file after complying with all prerequisite requirements to file that motion. His requests for relief under the CARES Act and for appointment of counsel are DENIED.

IT IS SO ORDERED this 19th day of June, 2020.

/s/ J. Thomas Marten
THE HONRABLE J. THOMAS MARTEN
UNITED STATES DISTRICT COURT