IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,
   Plaintiff,

  vs.                No. 13-10149-JTM
                   No. 14-10038-JTM

JEREMY LANDON,
   Defendant.

MEMORANDUM AND ORDER

These matters are now before the court on defendant Jeremy Landon's motions for compassionate release under 18 U.S.C. § 3582(c)(l)(A). Landon argues the court should reduce his sentence in light of the risk he faces from the COVID-19 virus in light of his asthma and obesity. The defendant has the burden to show he should be released under § 3582. *United States v. Jones*, 836 F.3d 896, 899 (8th Cir. 2016). Even if a defendant otherwise shows that "extraordinary and compelling" reasons support a release, he must demonstrate that such a result is consistent with the sentencing factors set out in 18 U.S.C. § 3553(a).

Having reviewed the defendant's medical records, the court finds that the defendant's physical condition does render him susceptible to more serious injury in the event he contracts the COVID-19 virus, and the court assumes for purposes of the motions now before the court that the defendant has satisfied the first requirement for

relief under § 3582. However, as noted earlier, the defendant may be granted compassionate release only where the result would not run counter to the Section 3553 factors governing an appropriate sentence. The 3553(a) factors relevant to defendant's request for compassionate release are (1) his personal history and characteristics, (2) his sentence relative to the nature and seriousness of his offenses; (3) the need for the sentence to provide just punishment, promote respect for the law, reflect the seriousness of the offense, deter crime, and protect the public; (4) the need for any rehabilitative services; (5) the applicable guideline sentence; and (6) the need to avoid unwarranted sentencing disparities among similarly-situated defendants. 18 U.S.C. § 3553(a)(1) – (6).

In the present two cases Landon pled guilty to two counts[1] of possession with intent to distribute methamphetamine in violation of 21 U.S.C. § 841, and was sentenced to a term of imprisonment of 132 months. The second case arose after officers learned Landon had returned to selling methamphetamine while on bond in the first case. Landon has a substantial criminal history, with 15 adult convictions for various crimes (and 51 adult arrests which did not result in convictions). Several of the convictions were for battery offenses, including two instances of domestic violence. And when Landon was arrested in the first of the two present cases, the investigating officers found not only methamphetatine prepared for sale, but cocaine, hydrocodone, and a handgun, a Maverick model JS9, 9 mm semi-automatic pistol.

---

[1] Count 3 in Case No. 13-10149-JTM and Count 2 in Case No. 14-10038-JTM.

This court has previously determined that release under § 3582 should be denied where that remedy would fail to reflect the seriousness of the offense, in particular where the defendant has been imprisoned for a large-scale narcotics operation, conducted while the defendant was armed with a firearm. *See United States v. Beasley*, No. 13-10112-01-JTM (D. Kan. Sept. 23, 2020). [2]

The court concludes that Landon's release from prison now would produce a result that would fail to reflect seriousness of his offenses, the need to provide just punishment, ensure public safety, and to promote respect for the law.

---

[2] Numerous other courts have reached the same conclusion. *See United States v. Taylor*, No. 4:17-CR-9(1), 2020 WL 5222797, at *5 (E.D. Tex. Sept. 1, 2020) (given the extent of defendant's drug activity and his possession of a handgun in connection with that activity, "the court cannot conclude that Taylor would not pose a danger to the safety of any other person or to the community, if released from confinement"); *United States v. Brewster*, No. 3:19-CR-44-JD-MGG, 2020 WL 5088586, at *3 (N.D. Ind. Aug. 28, 2020) (release would be inconsistent with § 3553(a) given defendant's possession of weapons, including "driving a vehicle with a loaded firearm under his seat"); *United States v. Neloms*, No. 18-CR-80154, 2020 WL 4794008, at *3 (S.D. Fla. Aug. 18, 2020) (agreeing with government's argument that possession of a firearm in connection with drug trafficking would preclude § 3582(c)(l)(A) release); *United States v. McGirt*, No. 4:16-CR-86 (4), 2020 WL 4044973, at *4 (E.D. Tex. July 17, 2020) (because "McGirt's offense of conviction entail his possession of firearms while an unlawful user of a controlled substance[,] the court cannot conclude that McGirt would not pose a danger to the safety of any other person or to the community"); *United States v. Walters*, No. 216CR00011JADPAL, 2020 WL 3104049, at *2 (D. Nev. June 11, 2020) (denying release to defendant guilty of "possession of methamphetamine with intent to sell and being a felon in possession of a loaded semiautomatic handgun-serious and dangerous offenses").

IT IS ACCORDINGLY ORDERED this day of February, 2021, that the defendant's § 3582-related motions (No. 13-10149-JTM, Dkt. 55; No. 14-10038-JTM, Dkt. 83) are hereby denied.

*J. Thomas Marten*
J. Thomas Marten, Judge
